IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DUANE REED, <br><br> Plaintiff, <br><br> v. <br><br> ALLY FINANCIAL, INC, JP MORGAN CHASE BANK, N.A., FIFTH THIRD BANK, N.A., and HOUSTON MAC HAIK DODGE CHRYSLER JEEP LTD <br><br> Defendants. | Case No. 4:22-cv-03174 |

**DEFENDANT ALLY FINANCIAL INC.'S
MEMORANDUM IN SUPPORT OF
THE MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Ally Financial Inc. ("Ally") respectfully submits this Memorandum of Law in Support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Ally requests that the Court grant Ally judgment as a matter of law on the Amended Complaint filed by Plaintiff Duane Reed ("Plaintiff") and dismiss the Amended Complaint as to Ally with prejudice. ECF No. 33.

### I.   INTRODUCTION

Plaintiff asserts two causes of action against Ally for alleged negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b and 1681q. Specifically, she claims that Ally did not have a lawful purpose to obtain and use her consumer credit report or alternatively obtained the credit report under false pretenses. Plaintiff, however, pleads herself out of Court. She admits that a car dealership submitted an application for vehicle financing to Ally, representing that Plaintiff was the co-applicant. Plaintiff also admits that the dealership represented to Ally that Plaintiff consented to having her credit pulled in connection

with financing the vehicle purchase. Plaintiff does not allege Ally was given any reason to doubt these representations made by the dealership.

The FCRA allows an entity to obtain a consumer's credit report when it believes the report will be used in connection with a credit transaction involving the consumer. Accordingly, courts hold that the very facts that Plaintiff alleges here—a dealership's representation that a consumer authorized the dealership to submit her application for vehicle financing to the lender—constitutes a lawful purpose for the lender to obtain and use that consumer's credit report. Therefore, Plaintiff's admissions confirm that she cannot state or prevail on her FCRA §§ 1681b and 1681q claims against Ally. Ally respectfully requests the Court dismiss Ally with prejudice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff purchased a vehicle from the dealership Houston Mac Haik Dodge Chrysler Jeep Ram ("Mac Haik") on June 24, 2022 and authorized Mac Haik to submit her application to lenders to obtain financing for the purchase. ECF No. 33, ¶¶ 12-13.

On July 4, 2022, Mac Haik then submitted a separate request to Ally and other lenders for financing of a vehicle to be purchased by Plaintiff's friend. *Id.* at ¶¶ 20, 25, 26. Plaintiff admits that Mac Haik "ran her credit" on July 4, 2022, representing that "Plaintiff was a co-applicant for financing to purchase her friend's vehicle." *Id.* at ¶¶ 25, 26. Plaintiff also confirms that "Mac Haik represented to . . . Ally . . . that Plaintiff consented to having her credit pulled in connection with the transaction which was the basis for" Ally's credit inquiry on July 4. *Id.* at ¶ 28. She further admits that "Mac Haik knowingly misrepresented to . . . Ally . . . that Plaintiff consented to having her credit pulled" in order to "induce the approval of credit for the later purchase of a vehicle for Plaintiff's friend." *Id.* at ¶¶ 50, 52.

Accordingly, Ally made an inquiry into Plaintiff's credit report on July 4, 2022, in connection with the application for vehicle financing submitted by Mac Haik. *Id.* at ¶¶ 20, 25, 26.

Plaintiff discovered the inquiry when she attempted to obtain financing with Pro Equipment Sales for the purchase of a work truck. *Id.* at ¶¶ 14-17. Plaintiff claims that she did not authorize the July 4 credit application or credit inquiry. *Id.* at ¶¶ 20-24, 25, 27.

Plaintiff filed her Complaint against Ally and others on September 16, 2022. ECF No. 1. She amended the Complaint on November 23, adding Mac Haik as a defendant. ECF No. 33.

Plaintiff alleges in the Amended Complaint that Ally violated FCRA § 1681b because it did not 'have a lawful purpose for requesting, obtaining[,] and using Plaintiff's consumer report . . . ." *Id.* at ¶¶ 34-37. She alternatively claims that Ally violated FCRA § 1681n and 1681q by receiving her consumer information from a consumer reporting agency under false pretenses. *Id.* at ¶ 39. Plaintiff theorizes that Ally committed these FCRA violations because it "failed to take reasonable measures to verify that Plaintiff had in fact authorized the pulling of her credit on July 4, 2022." *Id.* at ¶ 30. She also claims that Ally's violations were willful or negligent because Ally was "aware that [it] did not possess any consent from Plaintiff . . . ." *Id.* at ¶¶ 31, 32.

Ally filed its Answer to the Amended Complaint on December 6, 2022. ECF No. 37.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows for a motion to dismiss for failure to state a claim to be made, after the closing of pleadings, by a motion for judgment on the pleadings. Fed. R. Civ. Pro. 12(c). The standard applicable to 12(c) motions is identical to the standard applied to pre-answer 12(b)(6) motions. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) ("[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.") (quotation omitted).

To survive dismissal for failure to state a claim, a plaintiff's complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2). A claim has facial plausibility when the plaintiff

pleads "factual context that allows the court to draw the reasonable inference that the defendant is liable to the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully, and the plaintiff's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555;. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Although courts must presume that the Plaintiff's factual allegations are true, "legal conclusion[s] couched as . . . factual allegation[s]" are not given such deference; a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions." *Id.*

## IV.     ARGUMENT

**A.     Plaintiff's Claim under FCRA § 1681b Fails.**

Plaintiff's Amended Complaint is dead on arrival. Her factual allegations confirm that Ally had a permissible purpose to obtain her consumer report on July 4, 2022.

The "FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Norman v. Northland Grp. Inc.*, 495 F. App'x 425, 426 (5th Cir. 2012) (citing 15 U.S.C. §§ 1681b(f), 1681n(a)). Accordingly, "a plaintiff must establish three elements in order to sustain a claim of improper use or acquisition of a credit report: (i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." *Rhodes v. McCall-N Ltd*, No. 4:21-CV-04221, 2022 WL 3349229, at *2 (S.D. Tex. July 27, 2022), *report and rec. adopted sub nom. Rhodes v. Sterling McCall Nissan*, No. 4:21-CV-04221, 2022 WL 3349222 (S.D. Tex. Aug. 11, 2022) (quotation omitted).

"[A] showing of a permissible purpose is a complete defense." *Rhodes v. McCall-N Ltd*, No. 4:21-CV-04221, 2022 WL 3349229, at *2 (S.D. Tex. July 27, 2022), *report and rec. adopted Rhodes v. Sterling McCall Nissan*, No. 4:21-CV-04221, 2022 WL 3349222 (S.D. Tex. Aug. 11,

2022) (quoting *Stonehart v. Rosenthal*, No. 01 CIV. 651 (SAS), 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001)). Whether a lender had a permissible purpose to access a consumer's report generally turns on their state of mind at the time. *Henderson v. MLSC Holdings, L.P.*, No. 3:15-cv-03260, 2016 WL 11474101, at *3 (N.D. Tx. June 15, 2016). However, "so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Glanton v. DirecTV, LLC*, 172 F.Supp.3d 890, 896 (D.S.C. 2016) (quoting *Korotki v. Attorney Serv. Corp.*, 931 F.Supp. 1269, 1276 (D. Md. 1996)).

In addition to express authorization by the consumer, the FCRA enumerates a list of permissible purposes for which an entity may obtain and use a consumer's credit report. 15 U.S.C. §1681b(a). Relevant here, a permissible purpose exists when a person "intends to use the information in connection with a *credit transaction* involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. §1681b(a)(3)(A) (emphasis added); *see also Wells v. Craid & Landreth Cars, Inc.*, No. 3:10-CV-00376, 2011 WL 1542121, at *2 (W.D. Ky. Apr. 21, 2011) ("One such permissible purpose allows a lender to access a consumer's credit report if the lender has reason to believe that the information is to be used in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer.").

Accordingly, courts routinely find that lenders have a permissible purpose to procure a consumer's credit report when the purpose is to extend auto financing. *See, e.g.*, *Lampkin v. Bank of America, N.A.*, 644 Fed. App'x 366, 367 (5th Cir. 2016) (affirming summary judgment to defendant under 1681b(a)(3)(A) because "Lampkin sought to enter into a credit transaction with BANA and the loan officers accessed her credit report for purposes of determining whether to

extend credit to Lampkin."); *Kowalkowski v. Francois Sales and Services, Inc.*, No. 18-cv-721-slc 2019 WL 2189484, at *2 (W.D. Wisc. 2019) ("[W]hen a consumer initiates a credit transaction at a car dealership by requesting financing, the FCRA does not require that consumers expressly approve each request for a report, as long as the entity pulling the report is engaged in the credit transaction in which the consumer is participating.").

Moreover, the lender's receipt of a credit application or request for financing from a person or entity representing that the consumer authorized the application or request meets the permissible purpose requirement. *Glanton*, 172 F.Supp.3d at 896 ("Courts have reached the conclusion that there is no violation of Section 1681b when a creditor obtains a credit report due to an imposter's application for credit even though the identity theft victim did not make the application."); *Shepherd-Salgado v. Tyndall Federal Credit Union*, No. 11-0427-WS-B, 2011 WL 5401993, at *5 (S.D. Ala. 2011) *receded from on other grounds* (Plaintiff "acknowledges that [the dealer] submitted [plaintiff's] credit application, without her authorization, to the defendants . . . [resulting in] the defendant lenders being asked to extend credit to [plaintiff] for her new car, which is a permissible purpose."); *see also Daniel v. Bluestem Brands, Inc.*, No. 13-11714, 2014 WL 81763, at *5 (E.D. Mich. Jan. 9, 2014) ("[A]" potential creditor does not violate section 1681b(f) when it accesses a plaintiff's credit report for a permissible purpose, even if the plaintiff's identity was stolen and plaintiff did not initiate the business contact.").

In *Shepherd-Salgado*, the court dismissed the plaintiff's FCRA § 1681b claim alleging that the creditor lacked a permissible purpose to obtain his credit report in connection with vehicle financing. 2011 WL 5401993, at *6-7. The court explained that the complaint was devoid of any facts suggesting the credit application that the dealership submitted to the creditor was constrained in some way or the creditor had any reason to believe the plaintiff was not actually applying for

credit at the time. *Id.* at \*7. The court also reasoned that "[t]o be sure, if the pleading's allegations are correct, then [the dealership] was trying to shop [the plaintiff's] contract for its own advantage. But if that pleading's factual allegations are correct, then defendants were deceived just as plaintiff was." *Id.* Thus, the court held that the creditor "pulled [plaintiff's] credit report only because [it] intended to use it in connection with a credit transaction involving the extension of credit to [plaintiff]. That is the very definition of a 'permissible purpose' under subparagraph (3)(A)." *Id.*

Similarly, in *Kowalkowski*, 2019 WL 2189484, at \*2, the Court rejected the plaintiff's argument that he had not given permission for Ally to access his credit report in relation to the sale of the vehicle. "The allegations in Kowalkowski's second amended complaint make clear that Ally pulled Kowalkowski's credit report only because Kowalkowski was seeking financing for a newly-purchased car, so '[t]he line of causation was direct and thus the request fell within the purview' of § 1681b(a)(3)(A)." *Id.* (quotation omitted). The Court went on to note that Plaintiff failed to plead "that Ally had any reason to know" about the circumstances regarding the pull of his credit or that he did not consent to having his credit pulled. *Id.* (rejecting the plaintiff's argument that further discovery was needed to determine Ally's good faith in pulling the plaintiff's credit report).

As in *Shepherd-Salgado* and *Kowalkowski*, Plaintiff's allegations in the Amended Complaint affirmatively establish that Ally had a permissible purpose to obtain her credit report on July 4, 2022. Plaintiff concedes that Mac Haik submitted a credit application to Ally on behalf of Plaintiff and her friend. ECF No. 33 at ¶¶ 25, 26. Plaintiff also admits that Mac Haik represented to Ally that Plaintiff consented to Ally obtaining her credit report. *Id.* at ¶¶ 28, 50, 52. Plaintiff claims that Mac Haik did so in order to induce Ally to extend credit to Plaintiff's friend.

7

*Id.* at ¶¶ 50, 52. Accordingly, Mac Haik actively concealed that Plaintiff did not consent to the credit transaction. *Id.*

Plaintiff cannot avoid dismissal by alleging that Ally "failed to take reasonable measures to verify that Plaintiff had in fact authorized the pulling of her credit" or Ally was "aware that [it] did not possess any consent from Plaintiff prior to the" inquiry. *See* ECF No. 33 at ¶¶ 30, 31. "[T]he [FCRA] does not require that consumers expressly approve each request for a report." *Rhodes*, 2022 WL 3349229, at *2 (alteration in original) (quoting *Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1046 (7th Cir. 2005)). "1681b does not require that a user of credit reports like the defendant have a consumer's 'permission' to access his credit report." *Glanton*, 172 F.Supp.3d at 895. And "[i]t is not necessary that the plaintiff have direct dealings with a defendant in order for the defendant to lawfully obtain a consumer report." *Id.* (quoting *Gibbons v. GC Servs., LLC*, No. 5:13-CV-00084-BO, 2013 WL 5371620, at *2 (E.D.N.C. Sept. 24, 2013)).

Ally had every reason to believe a permissible purpose existed based on Mac Haik's representations. This was sufficient and confirms Ally's complete defense to Plaintiff's FCRA claims. *See Rhodes*, 2022 WL 3349229, at *2 ("Rhodes's allegations as set forth in the Amended Complaint are insufficient to show that the Sterling McCall Defendants accessed her credit report without a permissible purpose, the FCRA claim must be dismissed.").

**B.    Plaintiff's Claim under FCRA § 1681q Fails.**

FCRA § 1681q prohibits a person from knowingly and willfully obtaining a consumer report under false pretenses. 15 U.S.C. § 1681q. Thus, to prove this claim, the plaintiff must show that the user of the credit report requested the report without a permissible purpose. *Henderson*, 2016 WL 11474101, at *3 (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 842

8

(5th Cir. 2004)). Because Plaintiff pled sufficient facts to prove Ally had a permissible purpose to obtain her credit report on July 4, 2022, her claim that Ally violated FCRA § 1681q likewise fails.

## V. CONCLUSION

For the reasons stated above, Ally respectfully requests this Court to grant its Motion for Judgment on the Pleadings, dismiss Plaintiff's Amended Complaint with prejudice as to all claims against Ally, and grant Ally any further relief as the Court deems just and proper.

Dated: March 30, 2023

Respectfully submitted,
**Ally Financial Inc.**

By: /s/ *Ethan G. Ostroff*
Ethan G. Ostroff, Esq.
Attorney-in-Charge
Virginia Bar No. 71610
S.D. Tex. No. 2848444
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Phone: (757) 687-7541
Ethan.ostroff@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that this *Memorandum in Support of* the *Motion for Judgment on the Pleadings* was electronically filed with the Clerk using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system.

Dated: March 30, 2023

/s/ Ethan G. Ostroff
Ethan G. Ostroff

145721991