United States District Court
Southern District of Texas
**ENTERED**
April 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DUANE REED, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:22-cv-3174 |
| § | |
| ALLY FINANCIAL, et al, § | |
| § | |
| *Defendants*. § | |
| § | |
| § | |

## ORDER

The Court held a status conference in this matter to discuss the open question raised in Plaintiff's Motion to Dismiss—namely, whether this Court should retain jurisdiction over the remaining state law claims or dismiss the claims without prejudice. (Doc. No. 60). Finding no prejudice to Defendant Houston Mac Haik Dodge Chrysler Jeep Ltd. ("Mac Haik"), the Court hereby **DISMISSES** the remaining state law claims without prejudice.

Plaintiff's amended complaint alleges fraud on the part of Mac Haik. (Doc. No. 33). The nature of the alleged fraud was that Mac Haik attempted to obtain approval of a vehicle loan to a friend of Plaintiff. In seeking that approval, Mac Haik allegedly asserted that Plaintiff had agreed to be a co-signor on that loan, and as a result, various lenders pulled Plaintiff's credit. That made it look like Plaintiff, who had just obtained a vehicle loan from the same dealer several weeks prior, was seeking multiple loans for multiple vehicles. That, in turn, allegedly hurt Plaintiff's credit, and as a result she suffered damages.

Plaintiff's motion to dismiss these claims is authorized by Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Fifth Circuit has held that "as a general rule motions for voluntary

dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Additionally, whether or not a court exercises supplemental jurisdiction once all claims over which the federal court has original jurisdiction have been dismissed is discretionary. 28 U.S.C. §1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

In *Elboar*, the Circuit concluded that the defendant would be prejudiced by an unconditional dismissal because such a dismissal would potentially strip the defendant of a viable statute of limitations defense. *Id.*; *See also Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (denying Plaintiff's motion to dismiss without prejudice because the absolute loss of a statute of limitations defense constitutes the type of clear legal prejudice that precludes the granting of an unconditional dismissal). Here, the actionable events occurred no earlier than June 24, 2022. (*See* Doc. No. 33, ¶¶ 12-33). The statute of limitations under the Texas Deceptive Trade Practices Act is two years. TEX. BUS. & COM. CODE §17.565. The statute of limitations for common law fraud is four years. Texas Civil Practice and Remedies Code §16.04. Thus, unlike the defendant in *Elboar*, there is no prejudice related to the potential loss of a statute of limitations defense given the fact that Plaintiff has until at least June 23, 2024 to file a new state action.

Mac Haik notes that the parties have exchanged Requests for Production and Interrogatories. Mac Haik contends that it has incurred legal fees defending this case thus far by serving its expert disclosures, supplying written discovery, and preparing responsive documentation. (Doc. No. 62-1). Nevertheless, it appears that discovery has barely begun in this matter. No depositions have been taken, and the case is in its early stages. The Court finds that dismissal will not subject Mac Haik to any "plain legal prejudice other than the mere prospect of

a second lawsuit." *See Elboar*, 279 F.3d at 317. Finding no compelling reason to retain jurisdiction over a state controversy, the Court hereby GRANTS Plaintiff's motion to dismiss (Doc. No. 60) as to her state law claims against Mac Haik. These claims are dismissed without prejudice.

SIGNED at this 5 day of April, 2024.

Andrew S. Hanen
United States District Judge